UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSMO LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SYSCO CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-04420-JSW<br><br>**ORDER CONTINUING HEARING, REQUIRING SUPPLEMENTAL BRIEFING, AND VACATING CASE MANAGEMENT CONFERENCE**<br><br>Re: Docket Nos. 7, 17 |

Now before the Court for consideration are: (1) the motion to remand, filed by Plaintiff Cosmo Lopez; and (2) the motion to dismiss filed by Defendant Sysco Corporation. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds that supplemental briefing is warranted.

Accordingly, the Court CONTINUES the hearing scheduled for December 11, 2015 to February 5, 2016 at 9:00 a.m. The Court VACATES the case management conference scheduled for January 8, 2016, and it shall reset the conference, if necessary, once it has resolved the pending motions.

Sysco argues that the Court has jurisdiction, because Lopez' claims that Sysco violated California Labor Code provisions regarding meal and rest periods are completely preempted under Section 301 of the Labor Management Relations Act ("Section 301").

The Ninth Circuit has established a two part test to determine if claims are preempted under Section 301. *See Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053 (9th Cir. 2007). First, the court inquires "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law [and] not by a CBA." 491 F.3d at 1059. If not, Section 301 preemption applies, and the Court's inquiry is at an end.

1    If however, the answer to the question is yes, the Court must consider whether the claim
2 substantially depends on an analysis of a collective bargaining agreement.  If the claim does not
3 depend on such an analysis, the claim is not preempted and the plaintiff may proceed under state
4 law.  If, however, the Court answers yes, the claim is preempted.  *Id.* at 1059-1060.
5    Lopez has argued that his rest and meal period claims are not preempted, because they
6 involve non-negotiable statutory rights.  In support of this argument, Lopez relies on *Valles v. Ivy*
7 *Hill Corp.*, 410 F.3d 1071 (9th Cir. 2005).  Sysco has not addressed this argument directly in any
8 of its briefs.
9    Accordingly, the Court requests supplemental briefing from the parties on the following
10 question:

> Even if the Court were to find that there might be a dispute over the meaning of a provision in the CBA relating to the rest or meal period claims, what is Sysco's best argument that, in light of *Valles*, the Court could consider that dispute?  *See, e.g., Rodriguez v. Pacific Steel Casting Co.*, No. 12-cv-00353-NC, 2012 WL 2000793, at *5 (N.D. Cal. June 1, 2012) ("The Ninth Circuit has held that a court may not consider a collective bargaining agreement 'purporting to waive the right to meal periods' under California law, because such agreement would be unenforceable.").

16   In their responses, the parties shall assume, for the sake of argument, that the Court: (1) is
17 satisfied that Lopez would be covered by the CBA; and (2) rejects Sysco's argument that the meal
18 period claim would satisfy the first prong of the *Burnside* test.
19   Because Sysco bears the burden of demonstrating that the Court has jurisdiction, it shall
20 file the opening brief on this point, which shall be due by December 18, 2015.  Lopez' response
21 shall be due by January 8, 2016.  Sysco may file a reply by no later than January 15, 2016.  The
22 parties' supplemental briefs shall not exceed seven pages.
23   **IT IS SO ORDERED.**
24 Dated: November 7, 2015

JEFFREY S. WHITE
United States District Judge